HONORABLE DAVID G. ESTUDILLO

**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF WASHINGTON**
**TACOMA DIVISION**

JENNIFER HARBOUR, individually and on behalf of all others similarly situated,

Plaintiff,

v.

LGI HOMES CORPORATE, LLC., a Texas limited liability company,

Defendant.

Case No. 3:25-cv-05985-DGE

**FIRST AMENDED CLASS ACTION COMPLAINT FOR UNPAID WAGES**

Plaintiff Jennifer Harbour ("Plaintiff"), by their undersigned counsel, for their first amended class action complaint against Defendant LGI Homes Corporate, LLC ("Defendant"), alleges as follows:

/ / /

/ / /

/ / /



JUSTICE LAW CORPORATION
751 N. Fair Oaks Ave., Ste. 101
Pasadena, California 91103
TEL. (818) 230-7502 • FAX (818) 230-7259
www.JusticeLawCorp.com

## I. INTRODUCTION

1.1 Nature of Action. Defendant has engaged in wage and hour abuses against its Washington commission-based employees. These abuses include: (1) failing to provide employees with the rest breaks to which they are entitled; (2) failing to provide employees with the meal breaks to which they are entitled; (3) failing to pay all minimum wages to employees for all hours worked; (4) failing to pay all overtime wages to employees when they work more than 40 hours in a workweek; and (5) failing to accrue sick leave for and failing to allow the usage of paid sick leave for qualifying absences by employees; and (6) making unlawful deductions and rebates from employees' wages. Defendant's deliberate and willful failure to pay their employees their earned wages violates Washington law.

1.2 Plaintiff and the Class members are current and former commission-based employees of Defendant who have been victimized by Defendant's unlawful compensation practices. This lawsuit is brought as a class action under state law to recover unpaid wages owed to Plaintiff and those similarly situated.

## II. JURISDICTION AND VENUE

2.1 Jurisdiction. Defendant removed this action to federal court and this Court has removal jurisdiction under 18 U.S.C. § 1441.

2.2 Venue. Venue is proper in Western District of Washington because this case was properly filed in Clark County and Defendant removed it therefrom.28 U.S.C. § 1441(a).

2.3 Governing Law. The claims asserted on behalf of Plaintiff and the Class members in this complaint are brought solely under state law causes of action and are governed exclusively by Washington law.

/ / /

/ / /



JUSTICE LAW CORPORATION
751 N. Fair Oaks Ave., Ste. 101
Pasadena, California 91103
TEL. (818) 230-7502 • FAX (818) 230-7259
www.JusticeLawCorp.com

## III. PARTIES

3.1 Plaintiff. Plaintiff Jennifer Harbor is a resident of Clark County, Washington. Defendant hired Plaintiff as a Sales Professional, a commission-based employee during the relevant time period. Plaintiff worked at Defendant's Tenny Creek location.

3.2 Defendant. Defendant is a Texas limited liability company with its principal place of business in The Woodlands, Texas. It operates many locations in Washington.[1]

## IV. CLASS ACTION ALLEGATIONS

4.1 Class Definition. Pursuant to Washington Civil Rule 23, Plaintiff brings this case as a class action on behalf of a Class defined as follows:

> All commission-based employees of Defendant in the State of Washington at any time during the period from three years prior to October 2, 2025, to final disposition of this action.

Excluded from the Class are any entity in which Defendant has a controlling interest or which has a controlling interest in Defendant, and Defendant's legal representatives, assignees, and successors. Also excluded are the judge to whom this case is assigned and any member of the judge's immediate family.

4.2 Numerosity. Plaintiff believes that more than 40 people have worked as commission-based employees for Defendant in the State of Washington during the relevant time period.

4.3 Commonality. There are numerous questions of law and fact common to Plaintiff and the Class members. These questions include, but are not limited to, the following:

a. Whether Defendant has engaged in a common course of failing to provide Plaintiff and the Class members with a ten-minute rest break for every four hours of work;

[1] https://www/lgihomes.com lists Olympia, Seattle, Tacoma, and Vancouver as "LGI Communities" in Washington.



JUSTICE LAW CORPORATION
751 N. Fair Oaks Ave., Ste. 101
Pasadena, California 91103
TEL. (818) 230-7502 • FAX (818) 230-7259
www.JusticeLawCorp.com

b. Whether Defendant has engaged in a common course of requiring Plaintiff and the Class members to work more than three consecutive hours without a rest break;

c. Whether Defendant has engaged in a common course of failing to ensure that Plaintiff and the Class members have received the rest breaks to which they are entitled;

d. Whether Defendant has engaged in a common course of failing to provide Plaintiff and the Class members with a thirty-minute meal break for every five hours of work;

e. Whether Defendant has engaged in a common course of failing to ensure that Plaintiff and the Class members have received the meal breaks to which they are entitled;

f. Whether Defendant has engaged in a common course of failing to pay minimum wages to Plaintiff and the Class members for all hours worked;

g. Whether Defendant has engaged in a common course of failing to pay Plaintiff and the Class members all of the overtime wages to which they are entitled;

h. Whether Defendant has engaged in a common course of failing to accrue sick leave for and failing to allow the usage of paid sick leave for qualifying absences by Plaintiff and the Class members.

i. Whether Defendant has engaged in a common course of making deductions and collecting rebates from the wages of Plaintiff and the Class members by requiring Plaintiff and the Class members to incur employer expenses and failing to reimburse them.

j. Whether Defendant has engaged in a common course of failing to pay Plaintiff and the Class members all the wages to which they are entitled;

k. Whether Defendant failed to keep true and accurate records of the hours worked, rates of pay, gross wages, and all deductions for each pay period for Plaintiff and the Class members;

l. Whether Defendant failed to furnish itemized pay statements to Plaintiff and the Class members;



JUSTICE LAW CORPORATION
751 N. Fair Oaks Ave., Ste. 101
Pasadena, California 91103
TEL. (818) 230-7502 • FAX (818) 230-7259
www.JusticeLawCorp.com

m. Whether Defendant willfully deprived Plaintiff and the Class members of the wages to which they were entitled;

n. Whether Defendant misclassified Plaintiff and the Class members;

o. Whether Defendant has violated RCW 49.12.020;

p. Whether Defendant has violated WAC 296-126-092;

q. Whether Defendant has violated RCW 49.46.130;

r. Whether Defendant has violated RCW 49.46.090;

s. Whether Defendant has violated RCW 49.46.210;

t. Whether Defendant has violated RCW 49.48.010;

u. Whether Defendant has violated WAC 296-126-025;

v. Whether Defendant has violated WAC 296-126-028;

w. Whether Defendant has violated WAC 296-128-620;

x. Whether Defendant has violated RCW 49.52.050; and

y. The nature and extent of class-wide injury and the measure of compensation for such injury.

4.4 Typicality. Plaintiff's claims are typical of the claims of the members of the Class because Defendant employed Plaintiff as a commission-based employee in the State of Washington. The claims of Plaintiff, like the claims of the Class, arise out of the same common course of conduct by Defendant and are based on the same legal and remedial theories.

4.5 Adequacy. Plaintiff will fairly and adequately protect the interests of the Class. Plaintiff has retained competent and capable attorneys who are experienced lawyers with significant experience in complex and class action litigation, including employment law. Plaintiff and their counsel are committed to prosecuting this action vigorously on behalf of the Class and have the financial resources to do so. Neither Plaintiff nor their counsel have interests that are contrary to or that conflict with those of the proposed Class.



JUSTICE LAW CORPORATION
751 N. Fair Oaks Ave., Ste. 101
Pasadena, California 91103
TEL. (818) 230-7502 • FAX (818) 230-7259
www.JusticeLawCorp.com

4.6 Predominance. Defendant has engaged in a common course of wage and hour abuse toward Plaintiff and members of the Class. The common issues arising from this conduct that affect Plaintiff and members of the Class predominate over any individual issues.

4.7 Superiority. Plaintiff and the Class members have suffered and will continue to suffer harm and damages as a result of Defendant's unlawful and wrongful conduct. Absent a class action, however, most Class members likely would find the cost of litigating their claims prohibitive. Class treatment is superior to multiple individual suits or piecemeal litigation because it conserves judicial resources, promotes consistency and efficiency of adjudication, provides a forum for small claimants, and deters illegal activities. There will be no significant difficulty in the management of this case as a class action. The Class members are readily identifiable from Defendant's records.

## V. SUMMARY OF FACTUAL ALLEGATIONS

5.1 Defendant has engaged in, and continues to engage in, a common course of wage and hour abuse against its commission-based employees in the state of Washington.

5.2 Defendant did not inform or notify Plaintiff that it was classifying her role as exempt from the wage-and-hour protections of the state, but treated her as if she were exempt from the wage-and-hour protections of the state.

5.3 Plaintiff worked from April 11, 2022, through April 11, 2024, as a Sales Professional or New Home Consultant. Plaintiff was scheduled to work 8:30am to 4:30pm on Thursdays, Saturdays, and other rotating days, as well as be available to answer the phone outside of those hours and her scheduled days for prospective customer calls and calls from her supervisors.

5.4 New Home Consultants were required to be in a weekly sales meeting each Saturday, beginning at 8:30am, and required to participate in sales trainings each Thursday at 12:00pm.



JUSTICE LAW CORPORATION
751 N. Fair Oaks Ave., Ste. 101
Pasadena, California 91103
TEL. (818) 230-7502 • FAX (818) 230-7259
www.JusticeLawCorp.com

5.5 Plaintiff's primary duty was to sell not-yet-built homes to customers in a specific community; for example, the Tenny Creek community in Washington[2].

5.6 When Plaintiff began working with LGI she worked at the Tenny Creek location, which was a planned community of 40-50 homes.

5.7 Customers would often purchase homes that were to be built in the community, often choosing the model of house they prefer before construction begins. In other cases, customers could choose from the homes already built.

5.8 Plaintiff worked on site at the model home which was set up to operate as an office for LGI, including having workstations with computers.

5.9 Most of the work with customers was done online, answering inquiries and emails or over the phone,

5.10 Defendant set schedules for its employees to be onsite to work, posting the schedule in the model home workspace.

5.11 The schedule had a New Home Consultant scheduled to open the model home at 8:30am, who was scheduled through 4:30pm, and another who was scheduled at 11:00am through 7:00pm, or 12:00pm through 8:00pm, who was responsible for closing.

5.12 Other than brief trips within the community, the New Home Consultants were expected to stay in the model home unless there was someone else to "cover" the model home.

5.13 Plaintiff was expected to be on site while working, except if she was required to respond to emails or make or answer phone calls outside of her regularly scheduled hours.

5.14 Because most homes were not built until after a sale, nearly all the work was done on site in the office location, including meeting with prospective buyers and showing the model home, as well as the different options available to build a new home.

---

[2] https://investor.lgihomes.com/news-releases/news-release-details/lgi-homes-announces-grand-opening-tenny-creek-upgraded-townhomes



JUSTICE LAW CORPORATION
751 N. Fair Oaks Ave., Ste. 101
Pasadena, California 91103
TEL. (818) 230-7502 • FAX (818) 230-7259
www.JusticeLawCorp.com

5.15 If customers were on site and were interested in a home already built, Plaintiff showed them homes without leaving the premises. Plaintiff worked at three different communities during her tenure that all had fewer than 55 planned home sites.

5.16 Plaintiff and the other employees who worked out of the home were required to do clerical tasks, opening and closing the office location, cleaning the model home (including taking out the trash, tidying, wiping down surfaces), restocking the fridge and snack basket, and greeting and helping customers and third parties.

5.17 Failure to provide rest breaks. Defendant has engaged in a common course of failing to provide Plaintiff and the Class members with a paid ten-minute rest break for every four hours of work.

5.18 Plaintiff was never told she was entitled to rest breaks, and Defendant did not ensure that she was provided with legally conforming rest breaks.

5.19 Plaintiff took breaks only when it was particularly slow, which was infrequent.

5.20 Defendant has engaged in a common course of requiring or permitting Plaintiff and the Class members to work more than three consecutive hours without a rest break.

5.21 New Home Consultants and other commission-based employees were required to respond to prospective customer calls, emails, and intake forms and calls from supervisors within 24 hours, regardless of scheduled hours, but the expectation was to return communications more quicky.

5.22 Defendant has engaged in a common course of failing to ensure Plaintiff and the Class members have taken the rest breaks to which they are entitled.

5.23 Defendant has engaged in a common course of failing to provide Plaintiff and the Class members with ten-minutes additional pay and/or time worked for each missed rest break.

5.24 Each time an non-exempt employee misses a rest break, Defendant receive the benefit of ten minutes worked without paying for the time worked.



JUSTICE LAW CORPORATION
751 N. Fair Oaks Ave., Ste. 101
Pasadena, California 91103
TEL. (818) 230-7502 • FAX (818) 230-7259
www.JusticeLawCorp.com

5.25 Plaintiff received no additional pay or premiums for missed, short, late, or otherwise non-conforming rest breaks.

5.26 As a result of Defendant's common course of failing to provide proper rest breaks to Plaintiff and the Class members, Defendant failed to maintain accurate records of hours worked by Plaintiff and the Class members.

5.27 Defendant had actual or constructive knowledge of the facts set forth above.

5.28 Failure to provide meal breaks. Defendant has engaged in a common course of failing to provide Plaintiff and the Class members with a thirty-minute meal break for every five hours of work.

5.29 Plaintiff was never told she was entitled to meal breaks, and Defendant did not ensure that she was provided with legally conforming meal breaks.

5.30 Plaintiff never took a meal break.

5.31 Plaintiff ate when she could, generally while working at her desk.

5.32 Defendant has engaged in a common course of requiring or permitting Plaintiff and the Class members to work more than five consecutive hours without a meal break.

5.33 Defendant has engaged in a common course of failing to ensure Plaintiff and the Class members have received the meal breaks to which they are entitled.

5.34 Defendant has engaged in a common course of failing to ensure Plaintiff and the Class members are fully relieved of all work duties during their meal breaks.

5.35 Defendant has engaged in a common course of failing to provide Plaintiff and the Class members with thirty minutes additional pay and/or time worked for each missed meal break.

5.36 Plaintiff never received additional pay or premiums for missing her meal breaks.

5.37 Defendant had actual or constructive knowledge of the facts set forth above.



JUSTICE LAW CORPORATION
751 N. Fair Oaks Ave., Ste. 101
Pasadena, California 91103
TEL. (818) 230-7502 • FAX (818) 230-7259
www.JusticeLawCorp.com

5.38 Failure to pay minimum wages for all hours worked. Defendant has engaged in a common course of failing to pay minimum wages to Plaintiff and the Class members for all hours worked.

5.39 Defendant has engaged in a common course of failing to pay minimum wages to Plaintiff and the Class members for all hours worked by failing to provide Plaintiff and the Class members with ten minutes additional pay and/or time worked for each missed rest break.

5.40 Defendant has engaged in a common course of failing to pay minimum wages to Plaintiff and the Class members for all hours worked by failing to provide Plaintiff and the Class members with thirty minutes additional pay and/or time worked for each missed meal break.

5.41 Defendant had actual or constructive knowledge of the facts set forth above.

5.42 Failure to pay all overtime wages due. Defendant has engaged in a common course of failing to pay Plaintiff and the Class members for all hours worked over forty in a week at a rate of not less than one and one-half times their regular rate of pay.

5.43 Plaintiff was not told, nor did her offer letter or onboarding paperwork state that she was classified as exempt from the overtime protections of the Washington Minimum Wage Act.

5.44 Plaintiff was paid no overtime during her entire tenure, including training hours, though she was scheduled to work at least 45 hours each week, and she actually worked more than 40 hours in many weeks.

5.45 For example, during the grand opening of the LaLonde Creek community in Vancouver, Washington, which opened with 10 built homes and 30 plots to be sold, Plaintiff was required to work from early hours (4:00am) until very late (11:00pm) for the entire grand opening weekend. This was the second week of March, 2023, and Plaintiff sold 3 plots during this busy weekend on March 11, 2023, and March 12, 2023. Plaintiff estimates she worked more than 70 hours that week.



JUSTICE LAW CORPORATION
751 N. Fair Oaks Ave., Ste. 101
Pasadena, California 91103
TEL. (818) 230-7502 • FAX (818) 230-7259
www.JusticeLawCorp.com

5.46 July 4 and Memorial Day is also busy holiday days/weekends and Plaintiff estimates that she worked more than 50 hours during the July 4, 2023, week.

5.47 Defendant has engaged in a common course of failing to pay overtime wages to Plaintiff and the Class members during workweeks in which missed rest break time extended the workweek beyond forty (40) hours.

5.48 Defendant has engaged in a common course of failing to pay overtime wages to Plaintiff and the Class members during workweeks in which missed meal break time extended the workweek beyond forty (40) hours.

5.49 Defendant had actual or constructive knowledge of the facts set forth above.

5.50 Unlawful Deductions and Rebates. Defendant has engaged in a common course of making deductions and collecting rebates from the wages of Plaintiff and the Class members.

5.51 Eventually, Defendant paid stipends for expenses Plaintiff may incur; however, the amounts varied and were not consistently paid. The amount of the stipend did not always cover the reasonable expenses, including Plaintiff's car (Defendant required the use of a four-door vehicle that was no greater than 5 years old) and cell phone (Defendant required that Plaintiff use her cell phone for work.

5.52 Defendant has engaged in a common course of requiring Plaintiff and the Class members to incur employer expenses and failing to reimburse them.

5.53 Defendant had actual or constructive knowledge of the facts set forth above.

5.54 Failure to accrue and allow use of paid sick leave. Defendant has engaged in a common course of failing to accrue sick leave for and failing to allow the usage of paid sick leave for qualifying absences by Plaintiff and the Class members.

5.55 Defendant has engaged in a common course of failing to accrue sick leave for and failing to allow the usage of paid sick leave for qualifying absences by Plaintiff and the Class members by failing to accrue paid sick leave for all hours worked by Plaintiff and the Class members.



JUSTICE LAW CORPORATION
751 N. Fair Oaks Ave., Ste. 101
Pasadena, California 91103
TEL. (818) 230-7502 • FAX (818) 230-7259
www.JusticeLawCorp.com

5.56 Plaintiff accrued an hour of sick leave for every forty hours of work recorded by Defendant; however, Defendant never recorded more than forty hours of work per week for Plaintiff, even though she worked more than forty hours in a week.

5.57 Plaintiff did not have sick time available to her that should have been available to her when she took time off work for a qualifying reason in February, March, and April of 2024.

5.58 Defendant has engaged in a common course of failing to accrue sick leave for and failing to allow the usage of paid sick leave for qualifying absences by Plaintiff and the Class members by failing to accrue paid sick leave for each missed rest break.

5.59 Defendant has engaged in a common course of failing to accrue sick leave for and failing to allow the usage of paid sick leave for qualifying absences by Plaintiff and the Class members by failing to accrue paid sick leave for each missed meal break.

5.60 Defendant had actual or constructive knowledge of the facts set forth above.

5.61 <u>Failure to pay all wages due at termination.</u> Defendant has engaged in a common course of failing to pay Plaintiff and the Class members all wages due at termination.

5.62 Defendant had actual or constructive knowledge of the facts set forth above.

5.63 <u>Failure to maintain accurate payroll records.</u> Under Washington law, an employer must keep and preserve payroll records that detail the "[h]ours worked each workday and total hours worked each workweek" and maintain those records for at least three years. WAC 296-128-010(6); WAC 296-126-050; *see also* RCW 49.46.0040(3).

5.64 Defendant has engaged in a common course of failing to keep accurate records of the hours Plaintiff and the Class members worked each day or the total hours they worked each week.

5.65 Defendant had no method of tracking and maintaining the hours that Plaintiff worked.

5.66 Regardless of how many hours Plaintiff worked, per day or per week, her records showed forty hours of work, for what appeared to be sick leave accrual purposes only.



JUSTICE LAW CORPORATION
751 N. Fair Oaks Ave., Ste. 101
Pasadena, California 91103
TEL. (818) 230-7502 • FAX (818) 230-7259
www.JusticeLawCorp.com

5.67 Defendant had actual or constructive knowledge of the facts set forth above.

## VI. FIRST CLAIM FOR RELIEF

**(Violations of RCW 49.12.020 and WAC 296-126-092 — Failure to Provide Rest Periods)**

6.1 Plaintiff and the Class reallege and incorporate by reference each and every allegation set forth in the preceding paragraphs.

6.2 RCW 49.12.010 provides that "[t]he welfare of the state of Washington demands that all employees be protected from conditions of labor which have a pernicious effect on their health. The state of Washington, therefore, exercising herein its police and sovereign power declares that inadequate wages and unsanitary conditions of labor exert such pernicious effect."

6.3 RCW 49.12.020 provides that "[i]t shall be unlawful to employ any person in any industry or occupation within the state of Washington under conditions of labor detrimental to their health."

6.4 Pursuant to RCW 49.12.005 and WAC 296-126-002, conditions of labor "means and includes the conditions of rest and meal periods" for employees.

6.5 WAC 296-126-092 provides that employees shall be allowed certain paid rest periods during their shifts.

6.6 Under Washington law, Defendant has an obligation to provide employees with the rest breaks to which they are entitled.

6.7 Under Washington law, Defendant has an obligation to ensure that employees receive the rest breaks to which they are entitled.

6.8 Under Washington law, Defendant has an obligation to provide employees with ten minutes of additional pay for each missed rest break.

6.9 By the actions alleged above, Defendant has violated the provisions of RCW 49.12.020 and WAC 296-126-092.

6.10 As a result of the unlawful acts of Defendant, Plaintiff and the Class members (but not all) have been deprived of compensation in amounts to be determined at trial, and



JUSTICE LAW CORPORATION
751 N. Fair Oaks Ave., Ste. 101
Pasadena, California 91103
TEL. (818) 230-7502 • FAX (818) 230-7259
www.JusticeLawCorp.com

Plaintiff and the Class members are entitled to the recovery of such damages, including interest thereon, attorneys' fees under RCW 49.48.030, and costs.

## VII. SECOND CLAIM FOR RELIEF

**(Violations of RCW 49.12.020 and WAC 296-126-092 — Failure to Provide Meal Periods)**

7.1 Plaintiff and the Class reallege and incorporate by reference each and every allegation set forth in the preceding paragraphs.

7.2 RCW 49.12.010 provides that "[t]he welfare of the state of Washington demands that all employees be protected from conditions of labor which have a pernicious effect on their health. The state of Washington, therefore, exercising herein its police and sovereign power declares that inadequate wages and unsanitary conditions of labor exert such pernicious effect."

7.3 RCW 49.12.020 provides that "[i]t shall be unlawful to employ any person in any industry or occupation within the state of Washington under conditions of labor detrimental to their health."

7.4 Pursuant to RCW 49.12.005 and WAC 296-126-002, conditions of labor "means and includes the conditions of rest and meal periods" for employees.

7.5 WAC 296-126-092 provides that employees shall be allowed certain meal periods during their shifts.

7.6 Under Washington law, Defendant has an obligation to provide employees with the meal breaks to which they are entitled.

7.7 Under Washington law, Defendant has an obligation to ensure that employees receive the meal breaks to which they are entitled.

7.8 Under Washington law, Defendant has an obligation to provide employees with thirty minutes of additional pay for each missed meal break.

7.9 By the actions alleged above, Defendant has violated the provisions of RCW 49.12.020, and WAC 296-126-092.



JUSTICE LAW CORPORATION
751 N. Fair Oaks Ave., Ste. 101
Pasadena, California 91103
TEL. (818) 230-7502 • FAX (818) 230-7259
www.JusticeLawCorp.com

7.10 As a result of the unlawful acts of Defendant, Plaintiff and the Class members (but not all) have been deprived of compensation in amounts to be determined at trial, and Plaintiff and the Class members are entitled to the recovery of such damages, including interest thereon, attorneys' fees under RCW 49.48.030, and costs.

## VIII. THIRD CLAIM FOR RELIEF

**(Violation of RCW 49.46.130 — Failure to Pay Overtime Wages)**

8.1 Plaintiff and the Class reallege and incorporate by reference each and every allegation set forth in the preceding paragraphs.

8.2 RCW 49.46.130 provides that "no employer shall employ any of his or her employees for a workweek longer than forty hours unless such employee receives compensation for his or her employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he or she is employed."

8.3 By the actions alleged above, Defendant has violated the provision of RCW 49.46.130.

8.4 As a result of the unlawful acts of Defendant, Plaintiff and the Class members (but not all) have been deprived of compensation in amounts to be determined at trial, and Plaintiff and the Class members are entitled to the recovery of such damages, including interest thereon, attorneys' fees and costs under RCW 49.46.090.

## IX. FOURTH CLAIM FOR RELIEF

**(Violation of RCW 49.46.090 — Payment of Wages Less Than Entitled)**

9.1 Plaintiff and the Class reallege and incorporate by reference each and every allegation set forth in the preceding paragraphs.

9.2 Under RCW 49.46.090, employers must pay employees all wages to which they are entitled under the Washington Minimum Wage Act (WMWA). RCW 49.46.010 defines "wage" as "compensation due to an employee by reason of employment, payable in legal tender



JUSTICE LAW CORPORATION
751 N. Fair Oaks Ave., Ste. 101
Pasadena, California 91103
TEL. (818) 230-7502 • FAX (818) 230-7259
www.JusticeLawCorp.com

of the United States or checks on banks convertible into cash on demand at full face value, subject to such deductions, charges, or allowances as may be permitted by rules of the director."

9.3 By the actions alleged above, Defendant has violated the provisions of RCW 49.46.090.

9.4 As a result of the unlawful acts of Defendant, Plaintiff and the Class members (but not all) have been deprived of compensation in amounts to be determined at trial, and Plaintiff and the Class members are entitled to the recovery of such damages, including interest thereon, attorneys' fees and costs under RCW 49.46.090.

## X. FIFTH CLAIM FOR RELIEF

**(Violations of RCW 49.46.210 and WAC 296-128-620 – Failure to Accrue and Allow Use of Paid Sick Leave)**

10.1 Plaintiff and the Class reallege and incorporate by reference each and every allegation set forth in the preceding paragraphs.

10.2 The Washington Paid Safe and Sick Leave Act, RCW 49.46.210, and its implementing regulations WAC 296-128-620, require that employees accrue paid sick leave for all hours worked at a rate of at least one hour for every forty hours worked.

10.3 Pursuant to RCW 49.46.200, Defendant must compensate Plaintiff and the Class members at their regular and normal wages.

10.4 By the actions alleged above, Defendant has violated the provisions of RCW 49.46.210 and WAC 296-128-620.

10.5 As a result of the unlawful acts of Defendant, Plaintiff and the Class members (but not all) have been deprived of compensation in amounts to be determined at trial, and Plaintiff and the Class members are entitled to the recovery of such damages, including interest thereon, attorneys' fees and costs under RCW 49.46.090.



JUSTICE LAW CORPORATION
751 N. Fair Oaks Ave., Ste. 101
Pasadena, California 91103
TEL. (818) 230-7502 • FAX (818) 230-7259
www.JusticeLawCorp.com

## XI. SIXTH CLAIM FOR RELIEF

**(Violations of RCW 49.52.060 and WAC 296-126-028 – Unlawful Deductions and Rebates)**

11.1 Pursuant to RCW 49.52.060 and WAC 296-126-028, an employer may not make deductions from an employee's wages except in limited circumstances.

11.2 Under Washington law, deductions and rebates must be identified and recorded "openly and clearly in employee payroll records." WAC 296-126-028(5); see also RCW 49.52.060; WAC 296-128-010(9).

11.3 RCW 49.52.070 provides that any employer who violates the foregoing statute shall be liable in a civil action for twice the amount of wages withheld, together with costs of suit and reasonable attorneys' fees.

11.4 By the actions alleged above, Defendant has violated the provisions of RCW 49.52.060 and WAC 296-126-028.

11.5 As a result of the unlawful acts of Defendant, Plaintiff and the Class members (but not all) have been deprived of compensation in amounts to be determined at trial, and Plaintiff and the Class members are entitled to the recovery of such damages, including interest thereon, attorneys' fees and costs under RCW 49.52.070.

## XII. SEVENTH CLAIM FOR RELIEF

**(Violation of RCW 49.48.010 – Failure to Pay All Wages Due at Termination)**

12.1 Plaintiff and the Class reallege and incorporate by reference each and every allegation set forth in the preceding paragraphs.

12.2 RCW 49.48.010 provides that "when any employee shall cease to work for an employer, whether by discharge or by voluntary withdrawal, the wages due him on account of his employment shall be paid to him at the end of the established pay period." The statute further states that it shall be unlawful for "any employer to withhold or divert any portion of an employee's wages."



JUSTICE LAW CORPORATION
751 N. Fair Oaks Ave., Ste. 101
Pasadena, California 91103
TEL. (818) 230-7502 • FAX (818) 230-7259
www.JusticeLawCorp.com

12.3 By the actions alleged above, Defendant has violated the provisions of RCW 49.48.010.

12.4 As a result of the unlawful acts of Defendants, Plaintiff and the Class members (but not all) who are no longer employed by Defendants have been deprived of compensation in amounts to be determined at trial, and Plaintiff and the Class members who are no longer employed by Defendants are entitled to the recovery of such damages, including interest thereon, attorneys' fees under RCW 49.48.030, and costs.

## XIII. EIGHTH CLAIM FOR RELIEF

### (Violation of RCW 49.52.050 – Willful Refusal to Pay Wages)

13.1 Plaintiff and the Class reallege and incorporate by reference each and every allegation set forth in the preceding paragraphs.

13.2 RCW 49.52.050(2) provides that any employer who "willfully and with intent to deprive the employee of any part of his wages, pays any employee a lower wage than the wage such employer is obligated to pay such employee by any statute, ordinance, or contract" is guilty of a misdemeanor.

13.3 Defendant's violations of RCW 49.12.020, WAC 296-126-092, RCW 49.46.090, RCW 49.46.130, and RCW 49.48.010 were willful and intentional, and constitute violations of RCW 49.52.050.

13.4 RCW 49.52.070 provides that any employer who violates the provisions of RCW 49.52.050 shall be liable in a civil action for twice the amount of wages withheld, attorneys' fees, and costs.

13.5 As a result of the willful, unlawful acts of Defendant, Plaintiff and the Class members (but not all) have been deprived of compensation in amounts to be determined at trial, and Plaintiff and the Class members are entitled to recovery of twice such damages, including interest thereon, as well as attorneys' fees and costs under RCW 49.52.070.



JUSTICE LAW CORPORATION
751 N. Fair Oaks Ave., Ste. 101
Pasadena, California 91103
TEL. (818) 230-7502 • FAX (818) 230-7259
www.JusticeLawCorp.com

## XIV. PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on their own behalf and on behalf of the members of the Class, pray for a judgment against Defendant, as follows:

A. Certify the proposed Class;

B. Appoint Plaintiff as Class representative;

C. Appoint the undersigned attorneys as Class counsel;

D. Declare that the actions complained of herein violate Washington law;

E. Award Plaintiff and the Class members compensatory and exemplary damages;

F. Award attorneys' fees and costs to Plaintiff's attorneys, as allowed by law;

G. Award pre-judgment and post-judgment interest to Plaintiff, and the Class members, as provided by law;

H. Grant such other and further relief as this Court deems necessary.

RESPECTFULLY SUBMITTED AND DATED this 29th day of January, 2026.

**JUSTICE LAW CORPORATION**

/s/ Douglas Han
Douglas Han, WSBA #59429
Email: dhan@justicelawcorp.com
/s/ Shunt Tatavos-Gharajeh
Shunt Tatavos-Gharajeh, WSBA #59424
Email: statavos@justicelawcorp.com
/s/ April Rhéaume
April Rhéaume, WSBA #57119
Email: arheaume@justicelawcorp.com
751 North Fair Oaks Avenue, Suite 101
Pasadena, California 91103
Telephone: (818) 230-7502
Facsimile: (818) 230-7259

*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I certify under penalty of perjury under the laws of the State of Washington that, on the date stated below, I did the following:

On January 29, 2026, the below-referenced document was transmitted to the addressee(s) at the e-mail addresses listed herein:

**FIRST AMENDED CLASS ACTION COMPLAINT FOR UNPAID WAGES**

in the above-entitled matter to:

Hana A. Kern, WSBA #21595
kern@ryanlaw.com
Julia J. Fleming, WSBA #58743
jfleming@ryanlaw.com
**Legal Staff:**
Shawn Menning
Menning@ryanlaw.com
**RYAN, SWANSON, & CLEVELAND, PLLC**
401 Union Street, Suite 1500
Seattle, WA 98101-2668

**[X] By U.S. Mail**
**[X] By ECF**
**[X] By Electronic Mail**

*Attorney(s)* for Defendant LGI Homes Corporate, LLC

Executed on January 29, 2026, at Pasadena, California.

*/s/ Sophia Hanneyan*
Sophia Hanneyan



**JUSTICE LAW CORPORATION**
751 N. Fair Oaks Ave., Suite 101
Pasadena, California 91103
TEL. (818) 230-7502 • FAX (818) 230-7259
www.justicelawcorp.com