UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JENNIFER HARBOUR,

                Plaintiff,

    v.

LGI HOMES CORPORATE LLC,

                Defendant.

CASE NO. 3:25-cv-05985-DGE

ORDER ON MOTION TO SEAL
(DKT. NO. 26)

Before the Court is the Parties' stipulated motion to seal Defendant's motion for summary judgment, as well as the exhibits attached to the declaration of Julia Fleming in support of Defendant's motion for summary judgment. (Dkt. No. 26.) Defendant seeks to seal the motion for summary judgment and supporting exhibits because they contain confidential, non-public business information belonging to Defendant. (*Id.*)

"There is a strong presumption of public access to the court's files." Local Civil Rule 5(g). "Historically, courts have recognized a general right to inspect and copy public records and documents, including judicial records and documents." *See Kamakana v. City and Cnty. of*

ORDER ON MOTION TO SEAL (DKT. NO. 26) - 1

*Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (internal quotations omitted).  Although "access to judicial records is not absolute," there is a "strong presumption in favor of access."  *Id.*  "The presumption of access is based on the need for federal courts, although independent—indeed, particularly because they are independent—to have a measure of accountability and for the public to have confidence in the administration of justice."  *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096 (9th Cir. 2016) (internal quotations omitted).

Accordingly, "a party seeking to seal a judicial record then bears the burden of overcoming this strong presumption by meeting the 'compelling reasons' standard."  *Id.* (quoting *Kamakana*, 447 F.3d at 1178).  Under the compelling reasons standard, "a court may seal records only when it finds 'a compelling reason and articulate[s] the factual basis for its ruling, without relying on hypothesis or conjecture.'"  *Id*. at 1096–1097 (quoting *Kamakana*, 447 F.3d at 1179).  "What constitutes 'compelling reason' is 'best left to the sound discretion of the trial court.'"  *Id.* at 1097 (quoting *Nixon v. Warner Commnc'ns, Inc*., 435 U.S. 589, 599 (1978)).

A motion to seal a document must include a specific statement of the applicable legal standard and the reasons for keeping a document under seal, including an explanation of: (1) the legitimate private or public interests that warrant the relief sought; (2) the injury that will result if the relief sought is not granted; and (3) why a less restrictive alternative to the relief sought is not sufficient.  Local Civil Rule 5(g)(3)(B).  Pursuant to Local Civil Rule 5(g)(3)(A), a motion to seal must include a certification that the party has met and conferred with all other parties in an attempt to reach agreement on the need to file the document under seal.  Defendant certifies the parties met and conferred.  (Dkt. No. 44 at 7.)

Defendant filed a redacted version of the motion for summary judgment and Fleming exhibits.  (*See* Dkt. No. 23; 24-1; 24-2.)  Though not apparent on the record, Defendant emailed

the Court unredacted versions of the documents, allowing the Court to review whether compelling reasons exist to seal the documents.

The Court GRANTS the motion in part.  The Court finds compelling reasons to seal, once filed, unredacted versions of the motion for summary judgment, as well as the exhibits attached to Fleming's declaration, which contain confidential business information.  *See, e.g., In re Apple Inc. Device Performance Litig.*, Case No. 5:18-MD-02827-EJD, 2019 WL 1767158, at *2 (N.D. Cal. Apr. 22, 2019) ("Courts applying the compelling reasons standard have upheld the sealing of trade secrets, marketing strategies, product development plans, detailed product-specific financial information, customer information, internal reports and other such materials that could harm a party's competitive standing"); *Transperfect Glob., Inc. v. Motionpoint Corp.*, Case No. C 10– 2590 CW, 2013 WL 209678, at *1 (N.D. Cal. Jan. 17, 2013) (granting motion to seal exhibits that contained proprietary information about the sealing party's internal business operations).  However, the Court finds redaction of the motion for summary judgment itself to be an appropriate, less restrictive alternative to sealing.

Defendant shall file under seal unredacted versions of the motion for summary judgment and exhibits attached to Fleming's declaration no later than June 15, 2026.  The motion for summary judgment (Dkt. No. 23) and exhibits attached to the Fleming declaration (Dkt. Nos. 24-1, 24-2) shall remain redacted and unsealed.

Dated this 8th day of June, 2026.

David G. Estudillo
United States District Judge

ORDER ON MOTION TO SEAL (DKT. NO. 26) - 3